# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 03-2765V
Filed: January 15, 2014

Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PATRICIA CARROLL and PHILIP         \*
CARROLL, parents and natural        \*
guardians of STC, a minor           \*     Autism; Petitioner's Motion for a
                                    \*     Decision Dismissing the Insufficient
            Petitioners,            \*     Petition; Proof of Causation; Vaccine
        v.                          \*     Act Entitlement; Denial Without Hearing
                                    \*
SECRETARY OF HEALTH AND             \*
HUMAN SERVICES,                     \*
                                    \*
            Respondent.             \*
                                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION [1]

On November 21, 2003, petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that various vaccinations injured STC. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On January 2, 2014, petitioners moved for a decision on the merits of the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, petitioners must prove either 1) that STC suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of STC's vaccinations, or 2) that STC suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that STC suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that STC's alleged injury was vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion must be offered in support.  Petitioners, however, have offered no such opinion.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that STC suffered a "Table Injury" or that STC's injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master